THE UNITED STATES DISTRICT COURT
DISTRICT COURT OF MASSACHUSETTS

Karina Rojas Vargas
A# 206-471-543

Petitioner

v.

Steven Souza, Superintendent
Thomas Hodgson, Sheriff

Respondents

### PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C 2241.

Petitioner, karina Rojas Vargas, Pro Se, hereby petitions to this Honorable Court for a Writ of Habeas Corpus from mandatoty detention in a civil removal proceeding without bond by the United States Department of Homeland Security and Immigration and Customs Enforcement ("ICE").

### CUSTODY

Petitioner is in the physical custody of respondents and detained at the Bristol County House of Corrections in North Dartmouth, MA. Steven Souza, Superintendent and Thomas Hodgson, Sheriff are petitioner's immediate custodian.

### JURISDICTION

U.S. Const. art. I, § 9, cl. 2 states: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the Public Safety may require it."

This court has jurisdiction and power to grant Writ of Habeas Corpus pursuant to 28 U.S.C. § 241 et seq.

## EXHAUSTION IS NOT REQUIRED

For relief under 28 U.S.C 2241, Habeas review "exhaution is a prudential rather than jurisdictional requirement and can be waived by the Court". Singh v. Holder, 638 F. 3d. 1196, 1203 (9th Cir. 2011). This court has the power and jurisdiction to adjudicate constitutional claims.

## VENUE

Pursuant to Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 493-500 (1973), venue lies in the United States District Court for the District of Boston, Massachusetts, the judicial district in which petitioner is currently detained.

## PARTIES

1. Petitioner is a native and citizen of Colombia. Petitioner was first taken into the respondent's custody on September 23, 2019, and has remained in their custody continuously since that date.

2. Respondent, Steven Souza, Superintendent and Thomas Hodgson, Sheriff are sued in their official capacity as immediate custodians of Petitioner. They keep control over detainers held by Ice at the Bristol County Jail.

## PERSONAL FACTS

Petitioner was born on January 1, 1986 in Bogota, Colombia. She entered the United States in 1999. She have been living in the U.S for 20 years and never went back to Colombia. She is the single mother of two U.S born citizens daughters and responsible for her elderly 73 years old mother. She attended middle school, high school and college in the U.S. She also studied cosmetology and aesthetics. Petitioner was granted withholding of removal by the IJ. (See Order of the Immigration Court ).

## COUNT 1

Petitioner's detention without a bond hearing violates the Due Process Clause of the Fifth Amendment and the Eight Amendment of the U.S Constitution against cruel and unusual punishment and her detention is NOT necessary to prevent flight risk or a threat to the community.

## ARGURMENT

Petitioner is a member of the Reid's class. In Reid v. Donelan certifies the following class: "All individuals who are or will be detained within the Commonwealth of Massachusetts or the State of New Hampshire pursuant to 8 U.S.C. § 1226(c) for over six months and have not been afforded an individualized bond or reasonableness hearing."Reid v. Donelan, 991 F. Supp. 2d 275(2018).Civil Action No. 13-30125-PBS.

The Supreme Court in Demore v. Kim, 538 U.S. 510, 123 S. Ct. 1708, 155 L. Ed. 2d 724 (2003), held that the Government could constitutionally hold without bail noncitizens who had committed certain crimes, had completed their sentences, and were in removal proceedings. However, the court's ruling was on the face on confinement for a short period of time." See at

529-530, 123 S. Ct. 1708, 155 L. Ed. 2d 724. The Supreme Court noted that in Demore's, mandatory detention was around a month and half, a very short period."

In petitioner's case, the IJ granted withholding of removal. Petitioner has been detained over the six months period. The DHS appealed the IJ's decision, this type of appeal to the BIA last around six months. If the BIA affirmed the IJ's decision and the DHS chose to appeal to the First Circuit. Petitioner can be detained up to 3 years.

If the BIA ruled against petitioner and petitioner appeals, the case can take between six months to nine months to a new appeal from a new Immigration court's order and up to one year to three years if petitioner seeks a Petition of Review in the First Circuit. Thus, it is very likely that petitioner's mandatory detention will reach an unreasonable period unless this court grant her a bond hearing.

In Jenning v. Rodriguez, 138 S. Ct. 830, 841(2018), the Supreme Court did not bar constitutional challenges in their opinion " Because the Court of Appeals erroneously concluded that periodic bond hearings are required under the immigration provisions at issue here, it had no occasion to consider respondents' constitutional arguments on their merits. Consistent with our role as ``a court of review, not of first view," we do not reach those arguments. Instead, we remand the case to the Court of Appeals to consider them in the first instance." Accordingly, the Supreme Court remanded the case for consideration on the constitutional claims.

The Due Process Clause foresees eligibility for bail as part of ``due process." See United States v. Salerno, 481 U. S. 739, 748-751, 107 S. Ct. 2095, 95 L. Ed. 2d 697 (1987). Bail is ``basic to our system of law." Schilb v. Kuebel, 404 U.S. 357 (1971). "It consequently limits the Government's ability to deprive a person of his physical liberty where doing so is not needed to protect the public" Stack v. Boyle, 342 U.S. 1, 4, 72 S. Ct. 1, 96 L. Ed. 3 (1951).

This court did not foreclosure the Eight Amendment's challenge "Plaintiff also believes that the detention implicates the Eighth Amendment. Given the strength of the due process argument, analysis under the Eighth Amendment is unnecessary." Foodnote Reid v Donelan, 991 f. supp 2d 275 (2014).

## PETITIONER'S DETENTION VIOLATES STATUTES AND REGULATIONS

a) Petitioner is not an alien with a "highly contagious disease posing a danger to the public." See 8 C.F.R. § 241.14(b).

b) Petitioner's release would not cause "serious adverse foreign policy consequences." See 8 C.F.R. § 241.14(c)(1)(ii). There is no indication that Petitioner's release would have "serious adverse" foreign policy consequences.

c) Petitioner was never and is not now detained on account of security or terrorism concerns. See 8 C.F.R. § 241.14(d)(1).

d) Petitioner has not committed a violent crime as defined in 18 U.S.C. § 16 as would classify her as "specially dangerous." See 8 C.F.R. § 241.14(f)(1). Her release therefore would not pose a special danger to the public. See 8 C.F.R. § 241.14(f).

**5. Petitioner is not a flight risk or danger to the community.**

Petitioner is not a flight risk. She has a strong ties to the U.S. Her daughters and mother reside in the U.S. and she is an active member of her community. She attended School ,worked and paid taxes in the U.S.

Petitioner is not a danger to the community. Petitioner has not committed a violent crime as defined in 18 U.S.C. § 16 as would classify her as "specially dangerous." See 8 C.F.R. § 241.14(f)(1). Her release therefore would not pose a special danger to the public. See 8

C.F.R. § 241.14(f).

## PRAYER FOR RELIEF

Wherefore, Petitioner asks this court to GRANT the following relief:

### To issue an Order:

1. Granting this petition for a Writ of Habeas Corpus.

2. To grant a bond hearing.

2. That petitioner be released unless petitioner receives, within seven ( 7 ) calendar days, a bond hearing.

3. Or to Grant any other relief that the Court may deem appropriate.

I affirm, under penalty of perjury, that the foregoing is true and correct.

Respectfully submitted,

Today's Date: March-30-20.

karina Rojas Vargas
A# 201-471-543
PRO SE Petitioner.

_____
karina Rojas Vargas
Bristol County House of Correction
400 Faunce Corner Road
North Darthmouth, MA 02747
# 197238-EB-G7